[No. 230-41344-2. Division Two. April 22, 1971.]

JACQUELINE'S WASHINGTON, INC., *Appellant,* v. MERCANTILE STORES CO., INC., *et al., Respondents.*

*Mark R. Fortier,* for appellant.

*William H. Mays* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondents.

PETRIE, C.J.—The appellant, Jacqueline's Washington, Inc., brought this action for smoke damage to its stock-in-trade, high-fashion women's wearing apparel, allegedly resulting from a fire which had been caused by respondents' negligence. The trial court, acting as trier of fact, found that the fire which had caused the smoke damage was due to the negligence of the respondents. However, the case was dismissed for the failure of the appellant to produce

credible evidence from which the court could determine the amount of the damage. This appeal followed.

Appellant's assignments of error deal solely with its burden of proof on the issue of damages.

■ The parties agree that the measure of damages is governed by a specific rule related to stock-in-trade, as expressed in 3 L. Frumer & M. Friedman, Personal Injury, § 3.05 (7) 251 (1965), which states:

> Ordinarily, the measure of damages is the retail market value of the property immediately before the damage occurs, and immediately thereafter. However, where the property is owned by a dealer and is part of his stock-in-trade, the measure of damages is the difference between the wholesale value, plus delivery charges, immediately before the damage occurred, and the (wholesale) market value immediately after the property was damaged.

(Footnote omitted.)

While the parties have cited no Washington case adopting this rule, we are satisfied that this is a sound measure to apply to the question of damages when the plaintiff is a merchant, the damaged goods are his stock-in-trade, and he does not seek recovery for lost profits.[1]

■ The fact of damages having been established and the respondents having been found liable, the remaining question relates solely to the extent of appellant's damages. We need not concern ourselves with the niceties of refinement upon the law of reasonable certainty as to the amount of damages. Suffice it to say, for our purposes, there must be some evidence upon which a trial court may exercise a responsible and informed discretion.

The appellant produced a single witness, Mr. Glass, to establish the extent and amount of smoke damage to the women's wearing apparel. Mr. Glass was the manager of the appellant's store at the time of the smoke damage. He testified that he had made a random sampling of the goods minutes after the fire, particularly the high priced merchandise, and thereupon expressed his expert opinion that the value of the goods had been reduced 50 per cent below

---

[1]Plaintiff-appellant made no claim for loss of profits.

cost. He further testified that for the purpose of conducting a special "smoke sale" of the inventory, all items were reduced 50 to 75 per cent below cost. We note, as did the trial court, that the markdown for sales purposes is no indication of smoke loss. Through Mrs. May, the office manager, appellant established that the wholesale or cost value of the inventory before the fire was $22,668.30. Applying Mr. Glass's estimate of damage to that figure, it is apparent that appellant was attempting to establish damage in the amount of $11,334.15. Respondents, however, for the purpose of impeaching this figure, submitted two exhibits: No. 14, a statement by appellant's accountant setting the amount of damage to the inventory at $7,263.85;[2] and No. 15, a sworn statement in proof of loss submitted to the insurer by appellant's president, claiming damages in the amount of $8,964.92. This claim is based on the accountant's statement. (*See* note 2.)

■ The trial court, sitting as trier of fact, heard the testimony of Mr. Glass and chose to discredit his opinion in its entirety. Further, the court found that the merchandise, though damaged partially, was not damaged equally. The evidence supports such findings. It is unquestionably within the province of the court to pass upon the credibility of a witness' testimony, and the court is entitled to disbelieve it, particularly when it is based upon opinion where there are facts and circumstances tending to discredit it. *Riblet v. Spokane-Portland Cement Co.*, 45 Wn.2d 346, 274 P.2d 574 (1954). In the present case, it is clear that Mr. Glass's opinion was based only on a random sampling, and his opinion of the reduction in wholesale value was quite discredited by the inconsistent estimates of appel-

---

[2]This figure was computed on the basis of a 25 per cent loss to an inventory valued at $29,055.40. Appellant sought to establish a 50 per cent loss in an inventory valued at $22,668.30. The accountant's statement also estimated loss of value to layaway merchandise to be $913.29 and the cost to repair premises to be $787.78. These two figures added to $7,263.85 result in a total of $8,964.92. These exhibits, having been introduced for impeachment purposes only, had no probative value as to the amount of damages. *Hurst v. Washington Canners Co-op*, 50 Wn.2d 729, 314 P.2d 651 (1957).

lant's accountant and president. Accordingly, the court was entitled to disbelieve it. There was, therefore, no substantive evidence remaining in the record as to the extent of damage to appellant's goods.

Appellant places great reliance upon the case of *Gilmartin v. Stevens Inv. Co.*, 43 Wn.2d 289, 297, 261 P.2d 73, 266 P.2d 800 (1953). In *Gilmartin*, a divided opinion, four of the justices who signed the majority opinion did declare:

> In view of what has just been said, it should be clear that we do not here hold that the trial court was obliged to accept the testimony of any witness.
>
> We do hold, however, that, since competent and undisputed opinion evidence was submitted as to the values comprising the agreed measure of damages, and the court did find that substantial damage had been sustained, the court had the duty either to make an award of substantial damages or to give appellants an opportunity to submit additional proof as to damages.

We deem it unnecessary to ascertain the precedential value of such language—a fifth justice concurred in result only—because we find the facts in the case at bar sufficiently different from the facts in *Gilmartin* such that it is not in any manner controlling herein. In the case at bar, there is reason to question the competency of Mr. Glass's opinion as to differential in wholesale value of merchandise, partially, though unequally, damaged by smoke, which was based upon a random sampling concentrated on one class of merchandise. Further, it cannot be said that the opinion was "undisputed." Finally, the appellant never asked the trial court for an opportunity to submit additional proof of damages.

While courts are loathe to dismiss a plaintiff for his failure to provide evidence sufficient to afford a reasonable basis for estimating his loss, there is occasionally no alternative. This is such a case.

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied June 3, 1971.

Review granted by Supreme Court August 20, 1971.